Benedict, D. J.
This case comes before the court upon an application for an order directing the payment, into the registry of the court, to the credit of this cause, of sufficient of the proceeds of the sale of the above-named steamship to satisfy the demand of the libellant herein. Many difficulties in the way of the application, arising out of the proceedings had, could be stated. It is sufficient to notice two. The ground of the application is a supposed irregularity in the entry of an order of this court directing the surplus moneys in the registry of the court, to the credit of an action brought by Reynolds and others against the above-named vessel, to be passed to the credit of certain other actions then pending in this court against the same vessel, the vessel having been condemned and sold by decree of this court, made in the action of Reynolds and others.
At the time of making that order the proceedings in court instituted by these libellants had in reality been abandoned. It seems impossible, on any other theory, to account for the delay in their action, and the proceedings had in regard to the fund in court. It is too late for these -libellants to question the regularity of an order made more than seven years ago, and with full knowledge thereof at the time by their proctor, and upon the understanding that this claim was to be prosecuted no further.
In the next place, the order complained of was made in an action brought by Reynolds and others, in which suit no ap *272 pearance was ever entered in behalf of these libellants. Ii these libellants desired to be heard in regard to the funds remaining to the credit of that cause, an appearance in behalf of the libellants should have been entered therein, in which case they would have been entitled to notice of the order complained of. In the absence of such an appearance, the record in that cause wholly failed to give information that the libellants claimed to have any interest in the fund, and they cannot now be permitted to assert that want of a formal notice entitles them to ask to have the order set aside as irregular, or to require a return of the fund, which that order directed to be transferred to the credit of other causes, and which has been distributed in those actions.
The motion must therefore be denied.